**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN D. BLANKENSHIP, | | |
| Plaintiff, | | Case No.: 1:23-cv-00867 |
| v. | | Judge Martha M. Pacold |
| OUTER BANKS CAPITAL, INC., ET AL., | | Magistrate Judge Maria Valdez |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Kirsten A. Milton
Audrey Olson Gardner
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: 312.787.4949
Facsimile: 312.787.4995
E-mail: Kirsten.Milton@jacksonlewis.com
　　　　Audrey.Gardner@jacksonlewis.com

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

FACTUAL ALLEGATIONS ............................................................................................... 2

ARGUMENT ....................................................................................................................... 4

    I.     Legal Standard. ...................................................................................................... 4

    II.    Plaintiff's Claims Fail to Specify the Defendant They are Asserted Against ................. 5

    III.   Plaintiff's Title VII are Untimely and Must be Dismissed. ............................................ 5

    IV.   Plaintiff Failed to Exhaust Administrative Remedies Related to His IHRA Claims ....... 8

    V.    Plaintiff's Section 1981 Claim Must be Dismissed. ....................................................... 9

    VI.   Plaintiff's Illinois Whistleblower Act Claims Should be Dismissed ............................... 9

    VII.  Plaintiff's Retaliation Claim under the Affordable Care Act Should be Dismissed ...... 11

    VIII. Plaintiff's "Failure to Investigate," Negligent Retention, Negligent Supervision, Intentional Infliction of Emotional Distress, and Retaliatory Discharge Claims Are Preempted by the IHRA. ....................................................................................................... 12

    IX.   Plaintiff's Negligent Supervision, Negligent Retention, and Intentional Infliction of Emotional Distress Claims Are Preempted by the IWCA. ............................................. 14

    X.    Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress. .......... 15

    XI.   Plaintiff Has Failed to Plead the Elements of a Retaliatory Discharge Claim ............... 16

    XII.  Plaintiff's Sixteenth Count for Defamation Should Be Dismissed ................................ 17

    XIII. Plaintiff's Fifteenth Count for Fraudulent Inducement Should be Dismissed ............... 18

    XIV. Plaintiff's Ninth Count for Violation of the IWPCA Should be Dismissed. ................. 20

CONCLUSION ................................................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**

*Adams v. City of Indianapolis*,
742 F.3d 720 (7th Cir. 2014) ............................................................................4, 18

*Angiulo v. United States*,
867 F. Supp. 2d 990 (N.D. Ill. 2012) .........................................................................7

*Arnold v. Janssen Pharmaceutica, Inc.*,
215 F. Supp. 2d 951 (N.D. Ill 2002) ........................................................................15

*Baylay v. Etihad Airways PJSC*,
881 F.3d 1032 (7th Cir. 2018) .................................................................................14

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007).....................................................................................................4

*Brand v. Comcast*,
No. 12 CV 1122, 2012 U.S. ......................................................................................20

*Briggs v. North Shore Sanitary Dist.*,
914 F. Supp. 245 (N.D. Ill. 1996) ...........................................................................15

*Brookens v. Acosta*,
297 F. Supp. 3d 40 (D.D.C. 2018) .............................................................................7

*Carter v. Chi. State Univ.*,
778 F.3d 651 (7th Cir. 2015.) ....................................................................................9

*Chi v. Loyola Univ. Med. Ctr.*,
787 F. Supp. 2d 797 (N.D. Ill. 2011) .......................................................................16

*Continental Bank, N.A., v. Meyer*,
10 F.3d 1293 (7th Cir. 1993.) ..................................................................................19

*Davis v. Browner*,
113 F. Supp. 2d 1223 (N.D. Ill. 2000) .......................................................................6

*Davis v. Milwaukee County*,
No. 16-cv-715-bbc1, 2017 U.S. Dist. LEXIS 27326 (W.D. Wis. Feb. 27,
2017) ...........................................................................................................................7

*Fantauzzo v. Corfu Foods*,
No. 05 C 5902, 2006 WL 273543 (N.D. Ill. Jan. 31, 2006) ...................................15

*Feltmeier v. Feltmeier*,
798 N.E.2d 75 (Ill. 2003.).........................................................................................15

*Fernando v. Rush-Presbyterian-St. Luke's Med. Ctr.*,
    882 F. Supp. 119 (N.D. Ill. 1995) ............................................................16

*Flaherty v. Ill. Dep't of Corr.*,
    No. 94 C 1065, 1995 U.S. Dist. LEXIS 6336 (N.D. Ill. May 9, 1995) ....................7

*Fleming v. Amalgamated Transit Union*,
    No. 04 C 5302, 2005 U.S. Dist. LEXIS 11709 (N.D. Ill. June 3, 2005) ................7

*Geise v. Phoenix Co. of Chi., Inc.*,
    159 Ill.2d 507 (2007) ............................................................12

*Gilardi v. Schroeder*,
    833 F.2d 1226 (7th Cir. 1987) ............................................................15

*Hankins v. Best Buy Co.*,
    No. 10 CV 4506, 2011 U.S. Dist. LEXIS 139037 (N.D. Ill. Dec. 2, 2011)................8

*Herron v. DaimlerChrysler Corp.*,
    388 F.3d 293 (7th Cir. 2004) ............................................................9

*Hoffman v. Roadlink Wokforce Solutions*,
    12 C 7323, 2014 U.S. Dist. LEXIS 105081 (N.D. Ill. Aug. 1, 2014)....................20

*Hoseman v. Weinschneider*,
    322 F.3d 468 (7th Cir. 2003) ............................................................18

*Huang v. Fluidmesh Networks, LLC*,
    No. 16-cv-9566, 2017 U.S. Dist. LEXIS 111608 (N.D. Ill. July 18, 2017) ...........10

*Hughes v. Scarlett's G.P., Inc.*,
    No. 15-cv-5546, 2016 U.S. Dist. LEXIS 13886 (N.D. Ill. Feb. 5, 2016) ...............11

*Irwon v. Dept. of Veteran Affairs*,
    498 U.S. 89 (1990)............................................................6

*Johnson v. Chandler*,
    224 Fed. Appx. 515 (7th Cir. 2007)............................................................6

*Jones v. SABIS Educ. Sys.*,
    1999 U.S. Dist. LEXIS 19449 (N.D. Ill. Dec. 13, 1999)............................13

*Klueh v. Paul Vallas for All Chi.*,
    No. 19-cv-00249, 2020 U.S. Dist. LEXIS 152979 (N.D. Ill. Aug. 24, 2020.) .........5

*Krocka v. Riegler*,
    958 F. Supp. 1333 (N.D. Ill. 1997), *aff'd*, 203 F.3d 507 (7th Cir. 2000) .........12, 14

*Lee v. Paper Group Holding*,
    No. 96 C 362, 1996 U.S. Dist. LEXIS 12879 (N.D. Ill. Sept. 4, 1996)............12, 13

*LeSaint Logistics, Ltd. Liab. Co. v. Electra Bicycle Co., Ltd. Liab. Co.*,
146 F. Supp. 3d 972 (N.D. Ill. 2015) ................................................................................18

*Lillien v. Peak6 Invs., L.P.*,
No. 03 C 2292, 2004 U.S. Dist. LEXIS 11731 (N.D. Ill. June 25, 2004) ..............................19

*Lu Aku v. Chi. Bd. of Educ.*,
290 F. Supp. 3d 852 (N.D. Ill. 2017) ...................................................................................4

*Ludlow v. Northwestern Univ.*,
79 F.Supp.3d 824 (N.D. Ill. 2015) ......................................................................................17

*Maui Jim, Inc. v. SmartBuy Guru Enters.*,
386 F. Supp. 3d 926 (N.D. Ill. 2019) ..................................................................................17

*McDaniel v. McCallistor*,
No. 15-cv-00515-MJR, 2015 U.S. Dist. LEXIS 73128 (S.D. Ill. June 5, 2015) .....................5

*McLaughlin v. FIU Bd. of Trs.*,
No. 21-11453, 2022 U.S. App. LEXIS 10988 (11th Cir. April 22, 2022)................................5

*McNeil v. United States*,
508 U.S. 106 (1993)............................................................................................................4

*Modrowski v. Mote*,
322 F.3d 965 (7th Cir. 2003) ..............................................................................................6

*Moore v. State Farm Mut. Auto. Ins. Co.*,
No. 1:15-cv-01058-JEH, 2016 U.S. Dist. LEXIS 177682 (C.D. Ill. Dec. 22,
2016) ................................................................................................................................18

*Morales v. United States*,
373 F. Supp. 2d 367 (S.D.N.Y. 2005)....................................................................................7

*Nance v. Comcast Bus. Commc'ns., Inc.*,
No. 17 C 8094, 2018 U.S. Dist. LEXIS 77011 (N.D. Ill. May 8, 2018) ..........................16, 17

*Nischan v. Stratosphere Quality, LLC*,
865 F.3d 922 (7th Cir. 2017) .........................................................................................13, 14

*Novoselsky v. Brown*,
822 F.3d 342 (7th Cir. 2016) ..............................................................................................17

*Pace v. DiGuglielmo*,
544 U.S. 408 (2005)............................................................................................................6

*Reynolds v. CB Sports Bar, Inc.*,
623 F.3d 1143 (7th Cir. 2010.) ............................................................................................2

iv

*Richards v. United States Steel*,
    869 F.3d 557 (7th Cir. 2017.) ..................................................................................16

*Richter v. Design at Work, LLC*,
    2014 U.S. Dist. LEXIS 91154 (E.D.N.Y. July 3, 2014) ......................................11

*Rodriguez v. Frankie's Beef/Pasta & Catering*,
    976 N.E.2d 507 (1st Dist. 2012.) ..........................................................................14

*Rojas-Marceleno v. Kan.*,
    765 F. App'x 428 (10th Cir. 2019) ..........................................................................7

*Sardiga v. Northern Trust Co.*,
    409 Ill. App. 3d 56 (1st Dist. 2011) ......................................................................10

*Seehawer v. Magnecraft Elec. Co.*,
    714 F. Supp. 910 (N.D. Ill. 1989) ........................................................................12

*Selyutin v. Aon PLC.*,
    No. 18 cv 3951, 2020 U.S. Dist. LEXIS 161377 (N.D. Ill. Sep. 3, 2020) ..............10

*Shamim v. Siemens Indus.*,
    854 F. Supp. 2d 496 (N.D. Ill. 2012) ......................................................................9

*Shott v. Katz*,
    829 F.3d 494 (7th Cir. 2016) ..................................................................................9

*Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*,
    571 F. Supp. 2d 882 (N.D. Ill. 2008) ......................................................................5

*Talley v. Wash. Inventory Serv.*,
    37 F.3d 310 (7th Cir. 1994) ..................................................................................13

*Temores v. SG Cowen*,
    289 F. Supp. 2d 996 (N.D. Ill. 2003) ....................................................................14

*Tessendorf v. Edward Hines Lumbar Co.*,
    393 F.Supp.2d 686 (N.D. Ill. 2005) ......................................................................15

*Thomas v. L'Eggs Prods.*,
    13 F. Supp. 2d 806 (C.D. Ill. 1998) ......................................................................13

*Trice v. Hulick*,
    558 F. Supp. 2d 818 (N.D. Ill. 2008) ..............................................................6, 7, 8

*Turner v. Mem'l Med. Ctr.*,
    233 Ill. 2d 494 (Ill. 2009) ................................................................................16, 17

*Warren v. Greyhound Lines, Inc.*,
    No. 12 C 9236, 2013 U.S. Dist. LEXIS 201246 (N.D. Ill. Dec. 4, 2013) ................8

*Wigod v. Wells Fargo Bank, N.A.*,
    673 F.3d 547 (7th Cir. 2012) ................................................................................. 19

*Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*,
    536 F.3d 663 (7th Cir. 2008) ................................................................................. 19

*Winston v. Cont'l Auto. Sys.*,
    No. 20-C-596, 2022 U.S. Dist. LEXIS 158826 (E.D. Wis. Sep. 2, 2022) ................ 7

*Wittman v. Olin Winchester, LLC*,
    No. 22-cv-966-SMY, 2022 U.S. Dist. LEXIS 197024 (S.D. Ill. Oct. 28, 2022.) ................... 20

**Statutes**

735 ILCS § 5/13-201 ....................................................................................................... 17

740 ILCS 174/30 ............................................................................................................... 9

775 ILCS 5/2-101(E-1), 2-102(A) ................................................................................. 12

775 ILCS 5/6-101(A) ...................................................................................................... 12

775 ILCS 5/7A-102(A-1)(1) ............................................................................................. 8

775 ILCS 5/8-111(D) ...................................................................................................... 11

15 U.S.C. § 2087(b)(1) ................................................................................................... 11

29 U.S.C. § 218c(a) ..................................................................................................... 1, 11

42 U.S.C. § 1981 ............................................................................................................... 1

42 U.S.C. § 2000e-16(c) .................................................................................................. 5

United States Code Title 29 ........................................................................................... 11

Civil Rights Act of 1964 Title VII ................................................................................... 1

Fair Labor Standards Act ............................................................................................... 10

Ill. Comp. Stat. 115/2 ..................................................................................................... 19

Illinois Human Rights Act .................................................................................... *passim*

Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.*, ....................... 2, 19, 20

Illinois Whistleblower Act, 740 ILCS 174/10 *et seq.*, ........................................ 2, 9, 10

Illinois Workers Compensation Act, 820 ILCS 305/1 *et seq.* ........................... 2, 13, 14

IWPCA ..................................................................................................................... 19, 20

Labor ........................................................................................................................10, 11

Patient Protection and Affordable Car Act Title I ....................................................................11

Patient Protection and Affordable Care Act Section 1558 ....................................................1, 10

Plaintiff's Retaliation Claim under the Affordable Care Act ......................................................10

Section 1981 ....................................................................................................................1, 2, 9

Title VII ..........................................................................................................................1, 5, 6

## Rules

Federal Rules of Civil Procedure Rule 9(b)......................................................................18, 19

Rule 8(a)(2) ............................................................................................................................4, 5

Rule 12(b)(6) ..........................................................................................................1, 2, 4, 17

## Other Authorities

https://www.whistleblowers.gov/statutes/aca#:~:text=Under%20Section%201558
  %20of%20the,Consumer%20Product%20Safety%20Improvement%20Act.........................10

## Suspects

No. 15-cv-0026, 2015 U.S. Dist. LEXIS 158003, 2015 WL 7432846, at *2 (E.D.
  Wis. Nov. 23, 2015)................................................................................................................7

Sections 10, 15, 20, 20.1, and 20.2 ............................................................................................9

Sections 15 and 20 ......................................................................................................................9

sections 10, 20.1, and 20.2..........................................................................................................9

Section 15..............................................................................................................................9, 10

Section 20..................................................................................................................................10

section 218c ........................................................................................................................10, 11

*Id.* § 2087(b)(4)........................................................................................................................11

Section III..................................................................................................................................12

**INTRODUCTION**

Plaintiff Brian Blankenship ("Plaintiff") is a disgruntled former employee of Westward 360, Inc. who has filed a 254-page Amended Complaint ("Complaint") against not only Westward 360, Inc., but also its parent company, Outer Banks Capital, Inc., as well as Westward 360, Inc. employees Brent Straitiff, Nathan Brown, and Ann Marie Reilly (collectively, "Defendants.") Plaintiff's Complaint is nothing more than an inappropriate attempt to "throw everything at the wall and see what sticks" and should be dismissed with prejudice because it fails to state a claim as required under Rule 12(b)(6).

In counts one, three, four, and six, Plaintiff purports to assert claims for sex discrimination, sexual harassment, retaliation, and "failure to investigate" (the latter of which is not a cognizable cause of action) under Title VII of the Civil Rights Act of 1964 ("Title VII") (collectively, Plaintiff's "Title VII Claims"), but these claims are time barred. Plaintiff did not file his Complaint within 90 days after receiving a right to sue notice from the Equal Employment Opportunity Commission ("EEOC") and contrary to his arguments in his Complaint, there is no basis for equitable tolling. Thus, Plaintiff's Title VII Claims should be dismissed with prejudice.

Plaintiff's second, third, and fourth claims for sex discrimination, sexual harassment, and retaliation under the Illinois Human Rights Act ("IHRA") (collectively, "IHRA Claims") and his seventh count for retaliation under Section 1558 of the Patient Protection and Affordable Care Act (i.e., 29 U.S.C. § 218c(a)) should be dismissed because Plaintiff failed to his exhaust administrative remedies. Further, Plaintiff has failed to plead facts establishing a violation of 29 U.S.C. § 218c(a) even occurred.

Plaintiff's fifth count for hostile work environment under 42 U.S.C. § 1981 ("Section 1981") is also inadequately plead. It is well established that Section 1981 is solely a vehicle for a plaintiff to recover damages due to discrimination and harassment based on race. Here, however,

1

Plaintiff's Complaint solely alleges discrimination and harassment based on sex. Thus, his Section 1981 is improperly plead.

Plaintiff's common law counts of "failure to investigate" (not a recognized state law claim), retaliatory discharge, negligent retention, negligent supervision, and IIED should be dismissed as preempted by the IHRA. Similarly, Plaintiff's negligent retention, negligent supervision, and intentional infliction of emotional distress ("IIED") claims should be dismissed because they are also preempted by the Illinois Workers Compensation Act, 820 ILCS 305/1 *et seq.* ("IWCA.")

Plaintiff's eighth count for violation of the Illinois Whistleblower Act, 740 ILCS 174/10 *et seq.* ("IWA"), ninth count for violation of the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), eleventh count for common law retaliatory discharge, fourteenth count for IIED, fifteenth[1] count for fraudulent inducement, and sixteenth[2] count for defamation, even if not preempted, are also improperly plead because the Complaint lacks factual allegations sufficient to state plausible claims.

While Plaintiff is a *pro se* party, the law is clear that he is not exempt from the Federal Rules of Civil Procedure's procedural requirements. As Plaintiff has failed to state his claims, the Court should dismiss his Complaint with prejudice pursuant to Rule 12(b)(6).

### FACTUAL ALLEGATIONS[3]

Westward 360, Inc. ("Westward ") is a condominium and residential property management company. (Compl., ECF No. 5, 5:111-115.)[4] Outer Banks Capital, Inc. ("Outer Banks") owns

---

[1] Erroneously labeled as Plaintiff's sixteenth count.

[2] Erroneously labeled as Plaintiff's seventeenth count.

[3] For purposes of this Motion only, Defendants accept as true the factual allegations in the Complaint, as they must. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010.) Defendants reserve their rights to dispute Plaintiff's allegations if the Motion is not granted, and deny and dispute Plaintiff's allegations for all other purposes.

[4] As Plaintiff's Complaint does not include numbered paragraphs throughout, citations to the Complaint are listed as the page number followed by the particular line where the cited material can be found.

Westward.  (*Id.* at 4:103-104.)  Brent Straitiff ("Straitiff") is Westward's Chief Executive Officer.  (*Id.* at 5:121-122.)  Nathan Brown ("Brown") is Westward's Chief Investment Officer.  (*Id.* at 5:128.)  Ann Marie Reilly ("Reilly") is Westward's Vice President, Rental Management.  (*Id.* at 19:560.)  Plaintiff claims Outer Banks employed him as Vice President, Business Development from July 14, 2021 through December 2, 2021.  (*Id.* at 1:24-25.)

According to the Complaint, in July 2021, after Plaintiff tried to help a coworker improve his relationship with Reilly, she allegedly became upset with Plaintiff, accused him of treating her differently because she is a woman, and made derogatory comments about his sexual orientation.  (*Id.* at 20: 590-641.)  Plaintiff claims he told Director of Human Resources Jenny Cruz about Reilly, but his Complaint does not state what he said.  (*Id.* at 20:642.)  Plaintiff also spoke to Straitiff and Brown about Reilly and disclosed his sexual orientation.  (*Id.* at 649-650.)  In early September 2021, Straitiff told Plaintiff some of his work responsibilities would be delayed until January 2022 so that he could focus on other projects.  (*Id.* at 24:676-678.)  Straitiff and Brown later changed some of Plaintiff's job duties, and required Plaintiff to report to Brown, who instructed him not to disclose all company information to prospective clients when soliciting new business.  (*Id.* at 27:750-762.)

In October 2021, Brown allegedly threatened to expose Plaintiff's sexual orientation as punishment for reporting "issues."  (*Id.* at 25:718-721.)  Reilly complained to Straitiff that Plaintiff was treating her differently based on her gender.  Plaintiff said Reilly's claims were false and sent the Board of Directors a letter "about harassment and unfair standards."  (*Id.* at 25:724-26:738.)  At the end of October, Plaintiff asked Straitiff to meet to discuss the changes to his work responsibilities.  (*Id.* at 26:763-764.)  That same day, Straitiff organized a "Clear the Air" meeting for early November 2021 to discuss a way forward for Plaintiff, Brown, and Reilly.  (*Id.* at 28:784-788.)  The day before the meeting, Plaintiff met with Cruz.  (*Id.* at 27:765-767.)

Plaintiff was disappointed with the way the "Clear the Air" meeting went and met with Straitiff to discuss his concerns. (*Id.* at 28:789-798.) On November 10, Plaintiff sent Cruz documents to review. (*Id.* at 27:765-767.) That evening, Straitiff asked Plaintiff to work on his relationships with Brown and Reilly and said Straitiff was available for guidance. (*Id.* at 29:813-817.)

On November 17, 2021, Straitiff obtained the Board's approval to terminate Plaintiff's employment due to Plaintiff's poor work performance and inability to complete projects. (*Id.* at 30:824-826.) On December 2, 2021, Plaintiff claims he questioned Straitiff about Westward's Investment Division invoice practices. (*Id.* at 31:867-872.) Straitiff executed the November 17, 2021 decision to terminate Plaintiff's employment that day. (*Id.* at 32:880-888.) Plaintiff contends he is currently due unpaid commissions under a commission plan in place during his employment. (*Id.* at 47:1303-1308.)

## ARGUMENT

### I.     Legal Standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must grant a motion to dismiss if the complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege enough factual matter (taken as true) to suggest the plaintiff has "a plausible entitlement to relief." *See Bell Atlantic v. Twombly,* 550 U.S. 544, 559 (2007). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice[.]" *Adams v. City of Indianapolis,* 742 F.3d 720, 733 (7th Cir. 2014). While the Court "gives liberal construction to a *pro se* plaintiff's complaint, 'it is also well established that pro se litigants are not excused from compliance with procedural rules.'" *Lu Aku v. Chi. Bd. of Educ.*, 290 F. Supp. 3d 852, 859 (N.D. Ill. 2017) (citation omitted); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (noting that the Supreme Court has

"never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")

## II.    Plaintiff's Claims Fail to Specify the Defendant They are Asserted Against.

Preliminarily, Plaintiff's Complaint is inadequately plead because the claims do not specify the Defendants they are asserted against.  *See* Compl., p. 16-17.  Under Rule 8(a)(2), Plaintiff is required to give "each defendant notice of what it allegedly did to violate the law." *Klueh v. Paul Vallas for All Chi.*, No. 19-cv-00249, 2020 U.S. Dist. LEXIS 152979, at *20 (N.D. Ill. Aug. 24, 2020.)   Plaintiff must "associate specific defendants with specific claims…to ensure that defendants are put on notice of the claims brought against them[.]" *McDaniel v. McCallistor*, No. 15-cv-00515-MJR, 2015 U.S. Dist. LEXIS 73128, at *4 (S.D. Ill. June 5, 2015); *see also Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*, 571 F. Supp. 2d 882, 885-886 (N.D. Ill. 2008) (granting defendant's motion to dismiss where the complaint failed to state clearly which defendant plaintiff sought to hold liable for each breach of contract); *McLaughlin v. FIU Bd. of Trs.,* No. 21-11453, 2022 U.S. App. LEXIS 10988, at *13 (11th Cir. April 22, 2022) (holding complaint was insufficiently plead where it failed to specify which defendants the claims were asserted against.)  Plaintiff's Complaint fails to do so.  In not one of the Complaint's 16 counts does he identify a specific Defendant against whom the count is directed.  Plaintiff's Complaint is nothing more than an amalgamation of claims against numerous Defendants, making it entirely unclear which claims are being asserted against each Defendant as he is required to do under Rule 8(a)(2).  As a result, Plaintiff's Complaint fails to satisfy Plaintiff's pleading obligations and should be dismissed.

## III.    Plaintiff's Title VII are Untimely and Must be Dismissed.

Plaintiff's Title VII Claims should be dismissed as untimely.  "Title VII clearly states that plaintiff must bring suit 'within 90 days of receipt of notice of final action taken by…the Equal

Employment Opportunity Commission[.]" *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) (citing 42 U.S.C. § 2000e-16(c) and granting defendant's motion to dismiss with prejudice on the basis that plaintiff failed to file her Title VII claims within 90 days after receiving the right to sue notice.) "The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal." *Id.* (internal citations omitted.) Here, there is no dispute that Plaintiff received a Right to Sue Notice for his charge of discrimination alleging sex discrimination and retaliation on September 28, 2022. *See* Compl., 3:80-83. Therefore, Plaintiff was required to file a lawsuit for claims of sex discrimination and retaliation no later than December, 27, 2022, 90 days later, which Plaintiff admits he did not do. *See id.* Plaintiff's filing of his initial Complaint on February 10, 2023, 45 days after the 90-day deadline, requires dismissal of his Title VII claims.

Plaintiff claims the doctrine of equitable tolling should excuse his tardy pleading. He is wrong. Equitable tolling is a rare exception to the 90-day filing rule and restricted for extreme circumstances – which do not exist here – where the plaintiff has made a good faith error such as timely filing a complaint in the wrong court. *Id.* (citing *Irwon v. Dept. of Veteran Affairs,* 498 U.S. 89, 95-96 (1990).) The Seventh Circuit "rarely deem[s] equitable tolling appropriate." *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003); *see also Johnson v. Chandler*, 224 Fed. Appx. 515, 519 (7th Cir. 2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling.") For equitable tolling to apply, the plaintiff must demonstrate, (1) he has pursued his rights diligently and (2) some extraordinary circumstance far beyond his control stood in the way of his timely filing. *Trice v. Hulick*, 558 F. Supp. 2d 818, 821 (N.D. Ill. 2008) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).)

Such "extraordinary circumstances" sufficient to justify Plaintiff's late filing do not exist here. On October 7, 2023, Plaintiff knew he had 90 days, until December 27, 2023, to file a lawsuit based on his EEOC Charge, but did not. *See* Compl., 8:197-215. While Plaintiff claims his then-

attorney stopped responding to him and he could not thereafter find new counsel, "the inability to find an attorney…does not toll the limitations period as [a] plaintiff is not entitled to representation in a civil suit." *Winston v. Cont'l Auto. Sys.*, No. 20-C-596, 2022 U.S. Dist. LEXIS 158826, at *8 (E.D. Wis. Sep. 2, 2022); *Trice v. Hulick*, 558 F. Supp. 2d 818, 822 (N.D. Ill. 2008) (plaintiff is responsible to oversee the actions of his attorney and must "take matters into his own hands if necessary.")[5]  Attorney misconduct and/or negligence is similarly insufficient to invoke equitable tolling. *See Trice*, 558 F. Supp. 2d at 822.

Plaintiff also claims he was unavailable for 10 days out of the 90-day limitations period due to medical issues. *See* Compl., 10:261-11:273.  While unfortunate, invoking equitable tolling on medical grounds requires a "high threshold of incapacitation" amounting to insanity or incompetency. *Angiulo v. United States,* 867 F. Supp. 2d 990, 1002 (N.D. Ill. 2012); *see also Flaherty v. Ill. Dep't of Corr.,* No. 94 C 1065, 1995 U.S. Dist. LEXIS 6336, at *2 (N.D. Ill. May 9, 1995) (limiting equitable tolling to cases involving mental disability equal to insanity or incompetency.)  That threshold has not been met here.  Indeed, absent mental insanity or incompetency, a plaintiff's "need for medical attention and recovery" simply does not establish the high threshold required. *Fleming v. Amalgamated Transit Union,* No. 04 C 5302, 2005 U.S. Dist. LEXIS 11709, at *7 (N.D. Ill. June 3, 2005) (citation omitted.)

Here, Plaintiff has not alleged he was mentally incapacitated during the 90-day period. Rather, the Complaint allegations establish he was mentally alert and active for the vast majority

---

[5] *See also Rojas-Marceleno v. Kan.*, 765 F. App'x 428, 433 (10th Cir. 2019) (recognizing that inability to hire an attorney is not grounds for equitable tolling); *Davis v. Milwaukee County*, No. 16-cv-715-bbc1, 2017 U.S. Dist. LEXIS 27326, at *5-6 (W.D. Wis. Feb. 27, 2017) (same); *Dunn v. Bldg. Trades United Pension Trust Fund*, No. 15-cv-0026, 2015 U.S. Dist. LEXIS 158003, 2015 WL 7432846, at *2 (E.D. Wis. Nov. 23, 2015) (same);  *Brookens v. Acosta*, 297 F. Supp. 3d 40, 51 (D.D.C. 2018) ("[I]nability to retain an attorney is not an extraordinary circumstance sufficient to toll the statute of limitations"); *Morales v. United States,* 373 F. Supp. 2d 367, 374 (S.D.N.Y. 2005) ("[I]nability to retain an attorney…ignorance of the law…and difficulty obtaining documents…do not…warrant tolling.")

of the limitations period. *See* Compl. 9:193-16:466. He simply elected not to timely draft and file a Complaint himself and hoped he would find an attorney who would do so on his behalf. Such circumstances do not warrant equitable tolling. *Trice,* 558 F. Supp. 2d at 822. As such, Plaintiff's Title VII claims are untimely, equitable tolling does not apply, and his claims should be dismissed.

**IV.    Plaintiff Failed to Exhaust Administrative Remedies Related to His IHRA Claims.**

Plaintiff's second claim for sexual discrimination and harassment under the IHRA, third claim for retaliation under the IHRA, and fourth claim for sexual harassment, harassment, and hostile work environment under the IHRA should also be dismissed because Plaintiff failed to exhaust his administrative remedies.

It is axiomatic that before filing suit for an alleged violation of the IHRA, a plaintiff must first exhaust his state administrative remedies with the Illinois Department of Human Rights ("IDHR"). *See Hankins v. Best Buy Co.,* No. 10 CV 4506, 2011 U.S. Dist. LEXIS 139037, at *4 (N.D. Ill. Dec. 2, 2011) ("[B]efore [a plaintiff] can bring his IHRA claims in court he need[s] to satisfy the administrative procedures set forth in the [IHRA].") Where a charge cross-filed with the EEOC and the IDHR is first investigated by the EEOC, the IHRA states that the IDHR "shall take no action" until (i) the EEOC renders its determination; and (ii) "the complainant notifies the [IDHR] of the EEOC's determination." 775 ILCS 5/7A-102(A-1)(1). The IHRA further instructs that "the complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on complainant." *Id*. Failure to do so is an "undisputed failure to exhaust state administrative remedies" for IHRA claims. *See Warren v. Greyhound Lines, Inc.*, No. 12 C 9236, 2013 U.S. Dist. LEXIS 201246, at *8–9 (N.D. Ill. Dec. 4, 2013) (dismissing IHRA claims where the IDHR "dismissed [the] plaintiff's charge for lack of jurisdiction because he had not timely notified it of the EEOC's determination.")

8

Here, Plaintiff's Complaint affirmatively admits that Plaintiff did not serve the IDHR with a copy of the EEOC's determination within 30 days as required. *See* Compl., 8:202, 46:1293-1301. Indeed, the EEOC served Plaintiff with a copy of its determination and right to sue notice on September 28, 2022 but Plaintiff did not serve the IDHR with a copy of the determination and notice until November 4, 2022--more than 30 days later. *Id.*; *see also* Compl. 46:1293-1301. As a result, the IDHR dismissed his charge for lack of jurisdiction. *Id.* Thus, because Plaintiff did not exhaust his administrative remedies under the IHRA as required, he cannot obtain judicial review of his IHRA claims and these claims should be dismissed with prejudice.

**V.      Plaintiff's Section 1981 Claim Must be Dismissed.**

Plaintiff's fifth claim for hostile work environment under Section 1981 is likewise ripe for dismissal.  "Section 1981 'protects the rights of all persons to make and enforce contracts regardless of race.'" *Shott v. Katz,* 829 F.3d 494, 496-497 (7th Cir. 2016) (citing *Carter v. Chi. State Univ.,* 778 F.3d 651, 657 (7th Cir. 2015).)  Thus, "to state a hostile work environment claim due to harassment under Section 1981, a plaintiff must allege…that the harassment was based on 'race.'" *Shamim v. Siemens Indus.,* 854 F. Supp. 2d 496, 508 (N.D. Ill. 2012) (citing *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 302 (7th Cir. 2004).)  Here, however, Plaintiff claims discrimination based solely on his sexual orientation.  But, Section 1981 does not protect individuals from discrimination based upon sexual orientation.  As a result, Plaintiff's fifth count for hostile work environment under Section 1981 fails as a matter of law and should be dismissed with prejudice.

**VI.      Plaintiff's Illinois Whistleblower Act Claim Should be Dismissed.**

Plaintiff's eighth count asserts violations of Sections 10, 15, 20, 20.1, and 20.2 of the IWA. Plaintiff's IWA claim is improper for two reasons.  First, under the IWA, a civil action may only be asserted based on Sections 15 and 20.  740 ILCS 174/30.  Thus, to the extent Plaintiff's eighth

claim is based on violations of sections 10, 20.1, and 20.2, these sections provide no private right of action, thus, the Court should strike or otherwise dismiss the claim. *Id.*

Second, to assert a Section 15 claim under the IWA, Plaintiff must allege "(1) he reported information to a government agency [before his employment was terminated] (2) about activity he reasonably believed to be unlawful and (3) suffered an adverse action by his employer because of that disclosure." *Selyutin v. Aon PLC.*, No. 18 cv 3951, 2020 U.S. Dist. LEXIS 161377, at *9, 13 (N.D. Ill. Sep. 3, 2020) (internal citations omitted) (holding that plaintiff's Section 15 claim could not be based on a meeting with the FBI after his termination.) Nowhere in Plaintiff's Complaint does he claim that he reported any unlawful activity to a government agency ***before*** the termination of his employment. Instead, he admits he filed complaints with the EEOC, OSHA, and the Illinois Department of Labor only after the termination of his employment. As such, his IWA Section 15 claim must be dismissed. *Id.* ("The Court agrees…that [plaintiff's] alleged…meeting with the FBI is not actionable because it occurred after his termination.")

To state a Section 20 claim under the IWA, Plaintiff must allege "(1) he refused to participate in an activity that would result in a violation of a state or federal law, rule, or regulation, and (2) his employer retaliated against him because of that refusal." *Huang v. Fluidmesh Networks, LLC*, No. 16-cv-9566, 2017 U.S. Dist. LEXIS 111608, at *10 (N.D. Ill. July 18, 2017) (citing *Sardiga v. Northern Trust Co.*, 409 Ill. App. 3d 56, 61 (1st Dist. 2011).) Merely complaining about or questioning an activity is not a "refusal" for purposes of Section 20. *Id.* (granting defendant's motion to dismiss where plaintiff failed to properly allege he "refused" a request to participate in unlawful conduct.) Once again, absent from his Complaint is any allegation that Plaintiff engaged in behavior protected by Section 20 of the IWA – i.e, that he "refused" to participate in certain illegal activity. And no such "refusal" can be inferred from Plaintiff's sole allegation that he "identified fraudulent activity and questionable accounting

10

functions" prior to his termination.  *See* Compl., 2:57-58.   As a result, Plaintiff has likewise failed

to plead a violation of Section 20 and his eighth IWA claim should be dismissed in its entirety.

**VII.    Plaintiff's Retaliation Claim under the Affordable Care Act Should be Dismissed.**

Section 1558 of the Affordable Care Act amended the Fair Labor Standards Act ("FLSA")

by adding a new section 218c.[6]  Section 218c "protects employees against adverse action because

the employee 'objected to, or refused to participate in, any activity, policy, practice, or assigned

task that the employee . . . reasonably believed to be in violation of any provision of this title[.]'"

*Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 U.S. Dist. LEXIS 13886, at *24 n.10 (N.D.

Ill. Feb. 5, 2016) (citing 29 U.S.C § 218c(a).)  Federal courts disagree as to whether "this title"

refers to Title 29 of the United States Code ("Labor") or Title I of the Patient Protection and

Affordable Car Act.  *Id*.; *see also Richter v. Design at Work, LLC,* 2014 U.S. Dist. LEXIS 91154

at *7-11 (E.D.N.Y. July 3, 2014) (citing to cases to show the lack of uniformity of judicial opinion

on this question.)  Regardless, before asserting a Section 218c claim, a plaintiff must first exhaust

administrative remedies by filing a complaint with the Secretary of Labor no later than 180 days

after the alleged violation occurs.  *Id.* (citing 15 U.S.C. § 2087(b)(1).)  A plaintiff may then file a

Section 218c claim in federal court only if "the Secretary has not issued a final decision within

210 days after the filing of the complaint, or within 90 days after receiving a written

determination." *Id.* § 2087(b)(4).

Here, Plaintiff does not allege he suffered an adverse action because of his objection to a

violation of Title 29 of the United States Code or Title I of the Patient Protection and Affordable

Care Act.  Nor does he allege that he exhausted his administrative remedies by filing the required

---

[6]https://www.whistleblowers.gov/statutes/aca#:~:text=Under%20Section%201558%20of%20the,Consum
er%20Product%20Safety%20Improvement%20Act.

complaint with the Secretary of Labor – likely because he did not do so. As a result, his seventh

count is inadequately plead and should be dismissed.

**VIII.    Plaintiff's "Failure to Investigate," Negligent Retention, Negligent Supervision, Intentional Infliction of Emotional Distress, and Retaliatory Discharge Claims Are Preempted by the IHRA.**

The IHRA vests the Illinois Human Rights Commission with exclusive jurisdiction over

allegations of civil rights violations under Illinois law. 775 ILCS 5/8-111(D) ("Except as otherwise

provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil

rights violation other than as set forth in [the IHRA].")  Thus, if, as here, a common law claim "is

construed as seeking redress for a 'civil rights violation' within the meaning of the [IHRA]," the

court lacks jurisdiction and the claim should be dismissed with prejudice.  *Geise v. Phoenix Co. of

Chi., Inc.*, 159 Ill.2d 507, 515-16 (2007); *see also Krocka v. Riegler*, 958 F. Supp. 1333, 1346

(N.D. Ill. 1997), *aff'd*, 203 F.3d 507, 517-18 (7th Cir. 2000) ("[W]hen the allegations on which a

state law tort is based constitute a civil rights violation under the [IHRA], the tort is preempted.")

A plaintiff cannot avoid the IHRA's exclusive remedy provisions by masquerading civil rights

violations as tort claims.  *See Seehawer v. Magnecraft Elec. Co.*, 714 F. Supp. 910, 913 (N.D. Ill.

1989) (noting that the IHRA "cast[s] a wide net over any claim founded on discriminatory

treatment or effect, regardless of how the plaintiff characterizes it in the complaint.")  Sex-based

harassment and discrimination and retaliation for complaining about discrimination or harassment

are civil rights violations which must be asserted under the IHRA.  *See* 775 ILCS 5/2-101(E-1), 2-

102(A); 775 ILCS 5/6-101(A).

Here, Plaintiff's "failure to investigate," negligent supervision, negligent retention, and

IIED claims are nothing more than repackaged claims for IHRA violations.  For example,

Plaintiff's "failure to investigate" claim[7] is a recycled version of his claims for sexual harassment and retaliation. *See* Compl., 39:1089-1093 (alleging that Defendant's failure to investigate caused Plaintiff to be harassed and retaliated against.) His negligent supervision and negligent retention claims merely regurgitates his sexual harassment claim. *See id.* at 39:1085-1099 (alleging that Defendants failed to supervise and control their employees by not following their own policies on harassment); *Thomas v. L'Eggs Prods.*, 13 F. Supp. 2d 806, 809 (C.D. Ill. 1998) (holding plaintiff's negligent retention claim, which relied on allegations of sexual harassment, was preempted by the IHRA); *Lee v. Paper Group Holding*, No. 96 C 362, 1996 U.S. Dist. LEXIS 12879 at *3-7 (N.D. Ill. Sept. 4, 1996) (holding that plaintiff's negligent supervision, hiring and retention claims which were based on allegations of sexual harassment were preempted by the IHRA). Plaintiff's IIED also seeks redress for harassment. *See* Compl. 41:1123-1129 (alleging that Plaintiff suffered emotional distress due to a hostile work environment); *see Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 926-27 (7th Cir. 2017) (holding that Plaintiff's intentional infliction of emotional distress claim was preempted where it depended on allegations of sexual harassment). And Plaintiff's retaliatory discharge claim merely reiterates his claims for discrimination, harassment, and retaliation. *See id.* p. 2, lines 30-31 ("Defendant unlawfully terminated Plaintiff in retaliation for reporting discrimination, harassment, and retaliation[.]"); *Talley v. Wash. Inventory Serv.*, 37 F.3d 310, 312 (7th Cir. 1994) (holding that retaliatory discharge claim based on marital status discrimination constituted a civil rights violation for which the IHRA provided exclusive jurisdiction); *Jones v. SABIS Educ. Sys.*, 1999 U.S. Dist. LEXIS 19449, at *28-30 (N.D. Ill. Dec. 13, 1999) (granting defendant's motion to dismiss Illinois retaliatory discharge claim "that he was retaliated against for opposing policies that he thought discriminated against students with

---

[7] Defendants further move to dismiss Plaintiff's tenth common law "failure to investigate" claim on the basis that it is not a recognized cause of action under Illinois common law. *See supra* Section III. n.4.

disabilities" because such a claim for retaliation concerning disability rights was preempted by the IHRA).

The law is clear: Plaintiff cannot assert civil rights violations as common law tort claims; he is limited to vindicating his civil rights through the IHRA. *Krocka*, 958 F. Supp. at 1346. Thus, Plaintiff's tenth count for "failure to investigate," eleventh count for retaliatory discharge, twelfth count for negligent retention, thirteenth count for negligent supervision, and fourteenth count for IIED are preempted by the IHRA and should be dismissed with prejudice.

## IX. Plaintiff's Negligent Supervision, Negligent Retention, and Intentional Infliction of Emotional Distress Claims Are Preempted by the IWCA.

Similarly, Plaintiff's negligent supervision, negligent retention, and IIED claims are also preempted by the Illinois Workers' Compensation Act. "If an employer is sued in common law, the employer may raise the IWCA's exclusivity provisions as an affirmative defense." *Baylay v. Etihad Airways PJSC*, 881 F.3d 1032, 1039 (7th Cir. 2018) (affirming the district court's grant of the defendant's motion to dismiss where the complaint indicated plaintiff's claims were preempted by the IWCA.) The IWCA "is the exclusive remedy for accidental injuries transpiring in the workplace." *Nischan*, 865 F.3d at 934 (affirming district court's granting defendant's motion to dismiss based on IWCA preemption.) Indeed, "Illinois law is clear that unless an employer has committed or expressly authorized a co-employee to commit an intentional tort against an employee, the [IWCA] prohibits common law actions seeking damages for such torts." *Rodriguez v. Frankie's Beef/Pasta & Catering*, 976 N.E.2d 507, 512 (1st Dist. 2012.) "A claim that management ignored evidence that the conduct was taking place is not sufficient; what is required is 'actual direction, encouragement, or participation' by management." *Temores v. SG Cowen*, 289 F. Supp. 2d 996, 1007 (N.D. Ill. 2003) (internal citations omitted.) Here, Plaintiff's twelfth count for negligent retention, thirteenth count for negligent supervision, and fourteenth count for IIED are all alleged as torts sustained by Plaintiff during his employment. Thus, based on the

14

exclusivity provisions of the IWCA, they must be dismissed. *See Tessendorf v. Edward Hines Lumbar Co.,* 393 F.Supp.2d 686, 691-92 (N.D. Ill. 2005) (holding IIED claim was preempted by the IWCA); *Arnold v. Janssen Pharmaceutica, Inc.,* 215 F. Supp. 2d 951, 956 (N.D. Ill 2002) (holding negligent supervision and retention claims were preempted by the IWCA.)

**X.      Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.**

Assuming, *arguendo,* Plaintiff's common law claims are not preempted (they are), he has still failed to properly plead them consistent with the Rules of Civil Procedure. First, Plaintiff has further failed to meet the heightened pleading standard for his IIED claim. Under Illinois law, must plead three elements to state an IIED claim: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that this conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *See Briggs v. North Shore Sanitary Dist.*, 914 F. Supp. 245, 251-252 (N.D. Ill. 1996).

Successful IIED claims require truly egregious behavior such as severe physical assaults or death threats. *See, e.g.*, *Gilardi v. Schroeder*, 833 F.2d 1226 (7th Cir. 1987) (upholding finding that employer was liable for IIED for drugging and raping female employee); *Fantauzzo v. Corfu Foods*, No. 05 C 5902, 2006 WL 273543, at *2 (N.D. Ill. Jan. 31, 2006) (holding that plaintiff stated IIED claim where plaintiff alleged that on many occasions her supervisor told her "I'll kill you" and repeatedly "kissed, smelled, hugged and groped" her in the workplace.) Indeed, "to qualify as outrageous, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized society." *Feltmeier v. Feltmeier,* 798 N.E.2d 75, 83 (Ill. 2003.) A disrespectful workplace is not enough to support an IIED claim, as "Illinois common law…pays special care to avoid transforming employer-

employee disagreements into an emotional-distress claim." *Richards v. United States Steel,* 869 F.3d 557, 568 (7th Cir. 2017.)

Here, Plaintiff has failed to allege extreme and outrageous conduct as he must to survive a motion to dismiss. At best, Plaintiff has alleged he was faced with offensive comments in the workplace. But Illinois courts have consistently held that such allegations do not constitute extreme and outrageous conduct sufficient to support an IIED claim. *See Fernando v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 882 F. Supp. 119, 122 (N.D. Ill. 1995) (granting the motion to dismiss, in part, and holding that plaintiff's IIED claim failed because the alleged "extreme verbal abuse" which included racial slurs and derogatory comments, did not constitute extreme and outrageous conduct); *Chi v. Loyola Univ. Med. Ctr.*, 787 F. Supp. 2d 797, 808 (N.D. Ill. 2011) (granting the motion to dismiss, in part, and holding that "unsettling" allegations of an "unfair and perhaps even abusive work environment" that included co-workers using racial slurs in plaintiff's presence could not support IIED claim). As a result, Plaintiff has failed to plead sufficient facts to state his IIED claim. It should be dismissed.

## XI. Plaintiff Has Failed to Plead the Elements of a Retaliatory Discharge Claim.

In Illinois, an at-will employee may be discharged "for any reason or no reason" so long as it is not a discriminatory reason. *Turner v. Mem'l Med. Ctr.*, 233 Ill. 2d 494, 500 (Ill. 2009). The tort of retaliatory discharge is the "limited and narrow" exception to that rule. *Id*. To state a retaliatory discharge claim, "an employee must allege that (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy." *Id*. "To properly plead a retaliatory discharge claim, a plaintiff must articulate the relevant public policy with specificity." *Nance v. Comcast Bus. Commc'ns., Inc.*, No. 17 C 8094, 2018 U.S. Dist. LEXIS 77011, at *6-7 (N.D. Ill. May 8, 2018). "A broad, general statement of policy is inadequate to justify finding an exception to the general rule of at-will

employment." *Turner*, 233 Ill. 2d at 502. Here, Plaintiff does not allege even a general public policy, much less a specific public policy that he believes the termination of his employment violated. Instead, he only vaguely alleges that he was retaliated against. To survive a motion to dismiss, Plaintiff must plead more. *Nance,* 2018 U.S. Dist. LEXIS 77011 at *6 (dismissing plaintiff's retaliatory discharge claim where plaintiff failed to plead a specific public policy.)

## XII. Plaintiff's Sixteenth Count for Defamation Should Be Dismissed.

Plaintiff's sixteenth count for defamation should likewise be dismissed. "To state a defamation claim in Illinois, a claimant 'must present facts showing [1] that the defendant made a false statement about it, [2] that the defendant made an unprivileged publication of that statement to a third party, and [3] that this publication caused damages.'" *Maui Jim, Inc. v. SmartBuy Guru Enters.*, 386 F. Supp. 3d 926, 940 (N.D. Ill. 2019) (internal citations and brackets omitted.) Defamation claims are subject to a one-year statute of limitations. *See Ludlow v. Northwestern Univ.*, 79 F.Supp.3d 824, 841 (N.D. Ill. 2015) (citing 735 ILCS § 5/13-201 and granting defendant's motion to dismiss where allegedly defamatory statements were made more than one year prior to the filing of the complaint.) Further, "[u]nder Illinois law, 'anything said or written in the course of a legal proceeding is protected by an absolute privilege'" and is not actionable through a defamation claim. *Novoselsky v. Brown,* 822 F.3d 342, 353-354 (7th Cir. 2016) (internal citations omitted.)

As an initial matter, despite its length, Defendants cannot even identify which statements in Plaintiff's Complaint are alleged to be defamatory. The Complaint merely alleges that "Defendant has made multiple inaccurate statements and given false information to multiple parties and government agencies" and "[d]uring employment, Defendant knowing (sic) allowed employees to state inaccurate and unprofessional statements about the Plaintiff." Compl., 42:1130-1133. Such allegations are conclusory statements insufficient to state a plausible claim

17

for defamation. *Adams,* 742 F.3d at 733 (conclusory allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss). Plaintiff has failed to plead any alleged facts showing that any Defendants made a false statement of fact about him or published any such statement to a third party.

Second, even if Plaintiff had plead a plausible claim, any statements made during Plaintiff's employment are outside the one-year statute of limitations. There is no dispute that Plaintiff's employment ended on December 2, 2021, yet, he did not file the initial complaint in this matter until over a year later, on February 10, 2023.

Third, Plaintiff's claim fails for the additional reason that any statements made to the EEOC, IDOL, or other state agency constitute statements made during a quasi-judicial proceeding and are thus privileged. *See Moore v. State Farm Mut. Auto. Ins. Co.*, No. 1:15-cv-01058-JEH, 2016 U.S. Dist. LEXIS 177682, at *8 (C.D. Ill. Dec. 22, 2016) (recognizing that statements during an IDHR investigation are privileged statements made during a quasi-judicial proceeding and cannot serve as the basis for a defamation claim.) Thus, Plaintiff has failed to sufficiently plead a defamation claim and his sixteenth count should be dismissed.

## XIII. Plaintiff's Fifteenth Count for Fraudulent Inducement Should be Dismissed.

"Under Illinois law, a claim for fraudulent inducement requires proof of the following elements: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *LeSaint Logistics, Ltd. Liab. Co. v. Electra Bicycle Co., Ltd. Liab. Co.*, 146 F. Supp. 3d 972, 980 (N.D. Ill. 2015) (citing *Hoseman v. Weinschneider*, 322 F.3d 468, 476 (7th Cir. 2003).) Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead with particularity the circumstances constituting fraud by alleging the "who, what, when, where, and how." *Id.* (citing

18

*Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 569 (7th Cir. 2012)); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir. 2008) (noting that a plaintiff must plead "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.")

Here, Plaintiff has failed to plead his fraudulent inducement claim with the particularity required by Rule 9(b). Specifically, he merely asserts a conclusory claim for fraudulent inducement without identifying which Defendants the claim is asserted against and without a specific false statement of material fact one of the Defendants made to Plaintiff, knowing it to be false. At most, Plaintiff vaguely alleges that Straitiff "indicated he was committed to Blankenship's position and acknowledged it was going to be disruptive in the beginning." Compl., 39:1078-1079. However, this allegation does not identify the alleged false statement Straitiff made to Plaintiff, nor does the Complaint make any references to the specific time or place of the alleged misrepresentations or how it was made. Certainly, absent any specifics or factual information, the Complaint cannot satisfy the requirements of Rule 9(b).

Further, to be actionable, a fraudulent statement must relate to a past or present fact and cannot concern future or contingent events, expectations or probabilities. *Lillien v. Peak6 Invs., L.P.*, No. 03 C 2292, 2004 U.S. Dist. LEXIS 11731, at *11 (N.D. Ill. June 25, 2004) (citing *Continental Bank, N.A., v. Meyer,* 10 F.3d 1293, 1298 (7th Cir. 1993).) But future expectations is exactly upon which Plaintiff's claim is based. *See* Compl., 39:1078-1079. Plaintiff contends that Straitiff "indicated" to him that he would be "committed to [Plaintiff's] position" during his future employment with Westward 360. *Id.* Putting aside the lack of required specificity, this "indication" obviously relates to future events and is therefore not actionable. Thus, because Plaintiff's conclusory allegations fail to specify all of the requirements demanded by Rule 9(b) –

time, place, content, method and identities of the parties of the communications – the allegations are insufficient to state a claim of fraudulent inducement.

### XIV.   Plaintiff's Ninth Count for Violation of the IWPCA Should be Dismissed.

"The IWPCA does not establish a substantive right to payment[.]"  *Hoffman v. Roadlink Wokforce Solutions*, 12 C 7323, 2014 U.S. Dist. LEXIS 105081, at *12 (N.D. Ill. Aug. 1, 2014) (citations omitted).  Rather, an IWPCA claim for unpaid wages may be brought only pursuant to an employment contract or agreement.  *See* 820 Ill. Comp. Stat. 115/2; *Brand v. Comcast*, No. 12 CV 1122, 2012 U.S. Dist. LEXIX 164661, at *5-6) (N.D. Ill. Nov. 19, 2012) ("The IWPCA does not provide an independent right or cause of action, but simply enforces the terms of an existing contract or agreement.")  Thus, to plead a viable IWPCA claim, a plaintiff must allege the existence of wages or final compensation [that] is due to an employee from an employer under an employment contract or agreement.  *Wittman v. Olin Winchester, LLC*, No. 22-cv-966-SMY, 2022 U.S. Dist. LEXIS 197024, at *5 (S.D. Ill. Oct. 28, 2022.)  The Complaint must include more than a conclusory allegation that there was an agreement and instead must plead allegations showing "'a manifestation of mutual assent on the part of two or more persons' that an employee will perform work in exchange for compensation.'"  *Id.* (internal citations omitted.)  Here, Plaintiff's Complaint merely concludes that Plaintiff was subject to an "agreed upon Year One Commission Plan" during his employment.  *See* Compl., 47:1303-1308.  There are no allegations specifying that any of the Defendants assented to or were otherwise parties to this arrangement.  Without such allegations, Plaintiff has failed to plead his IWPCA claim.  It should be dismissed.

### CONCLUSION

Based on the foregoing, Defendants Outer Banks Capital, Inc., Westward 360, Inc., Nathan J. Brown, Brent R. Straitiff, and Ann Marie Reilly respectfully request that the Court grant this

motion and dismiss Plaintiff's Amended Complaint with prejudice, and grant any further relief as the Court deems just and proper.

Dated: May 5, 2023                    Respectfully submitted,

                                      **OUTER BANKS CAPITAL, INC.,**
                                      **WESTWARD 360, INC., NATHAN J. BROWN,**
                                      **BRENT R. STRAITIFF, and ANN MARIE**
                                      **REILLY**

                                      */s/ Audrey Olson Gardner*
                                      Kirsten A. Milton
                                      Audrey Olson Gardner
                                      Jackson Lewis P.C.
                                      150 N. Michigan Ave., Suite 2500
                                      Chicago, Illinois 60601
                                      Telephone: 312.787.4949
                                      Facsimile: 312.787.4995
                                      E-mail: Kirsten.Milton@jacksonlewis.com
                                              Audrey.Gardner@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on May 5, 2023, she caused a copy of the foregoing **Defendants' Motion to Dismiss Plaintiff's Amended Complaint** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys and parties of record registered with the Court's ECF/CM system and by electronic mail.

<em><u>/s/ Audrey Olson Gardner</u></em>

4862-0687-9327, v. 6