# EXHIBIT 1

met the legitimate work performance expectations of Defendant. He brings this action to enforce the provisions of Title VII of the Civil Rights Act of 1964 **("Title VII")** 42 U.S.C.§ 2000e et seq., as amended, the Illinois Human Rights Act **("IHRA")**, 755 ILCS 5/2 et seq. and others. Beginning in August 2021, Plaintiff was discriminated against for his sex, gender, and sexual orientation and harassed. Defendant unlawfully terminated Plaintiff in retaliation of reporting discrimination, harassment, and retaliation he was exposed to by others in the Company. The Defendant was negligent in their duty to care.

The Defendant failed to take any prompt and appropriate action to address the reported complaints which led to a hostile working environment. Plaintiff experienced discrimination and harassment that led to various forms of retaliation that was continuous and persistent, had the effect of creating a hostile and intimidating work environment, and adversely affected the terms and conditions of Plaintiff's employment and interfered with his ability to do his job. These retaliatory actions include, but are not limited to:

1. Threats designed to shut Blankenship up and "stop rocking the boat" or expose his sexual orientation would be exposed if he failed to comply with a Board member demand.
2. Added responsibilities to the role that exceeded the full-time hours.
3. Derogatory comments along with ostracized and mocking conduct.
4. Increased scrutiny, unfair criticalness and held to different standards than peers.
5. Effectively reducing compensation with the deferral of new business responsibilities
6. Removed job responsibilities and re-assigned tasks designed to demote and reduce authority.
7. Assigned new job duties that were inconvenient, burdensome, and below the "pay grade level" he was hired.
8. Direct supervisor's attempt to alter and control Blankenship's work schedule while hundreds of other employees are given autonomy with their schedule.
9. ~~Denial of group Company benefits when eligible~~.
10. Instructed to carry out commands that are illegal or that they reasonably believe to be discriminatory.
11. Creating a hostile work environment through derogatory comments, micromanaging, and other forms of harassment that became so severe and pervasive the hostile work environment caused tremendous stress, lack of motivation, and mental health decline.

Then, when Plaintiff identified fraudulent activity and questionable accounting functions, Defendant terminated Plaintiff three (3) hours after presenting the findings to his direct supervisor

(whistleblowing) on December 2, 2021. Plaintiff was a protected employee at the time of termination as a result of his reported discrimination and harassment as early as August 13, 2021.

Defendant's actions constituted sex discrimination, sexual harassment, and retaliation in violation of Title VII, IHRA, 42 USC Section 1981, Illinois Whistleblower Act, ~~Section 1558 of the Patient Protection and Affordable Care Act~~ ~~**("ACA")**~~ and Illinois common law. The Defendant exercised an adverse action by terminating Plaintiff's employment on December 2, 2021. Defendant's unlawful termination was the result of reporting discrimination, sexual harassment, sexual orientation harassment, unfair and inconsistent treatment, fraudulent accounts payable scheme, undisclosed and unlawful profit centers, identification of improper accounting functions, unethical and unlawful business solicitation requirements, and financial report manipulations that Plaintiff had the reasonable good faith belief were unethical and/or unlawful. The Defendant has provided multiple versions to multiple parties and agencies trying to explain the reason for Plaintiff's termination. Plaintiff seeks relief as set forth below

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e5, have occurred or been complied with except for the timely filing of this lawsuit for which Plaintiff is requesting the doctrine of equitable polling be granted. See Equitable Tolling Request for Late Filing. .

A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as **"Exhibit C-2"**).

Notification of the Right to Sue was received from EEOC on or about September 28, 2022. (Attached hereto as **"Exhibit I-1"**).

This Complaint has not been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue. See Equitable Tolling Request for Late Filing...

**COUNT III**
Title VII & Illinois Human Rights Act
Retaliation

**COUNT IV**
Title VII & Illinois Human Rights Act
Sexual Harassment, Harassment and Hostile Work Environment

**COUNT V**
42 USC Section 1981
Hostile Work Environment

**COUNT VI**
Title VII
Failure to Investigate

~~**COUNT VII**~~
~~Section 1558 of the Patient Protection and Affordable Care Act (“ACA”)~~
~~Retliation~~

**COUNT VIII**
Illinois Whistleblower Act 740 ILCS 174/10,15,20,20.1,20.2
Wrongful Termination, Retaliation, and Harassment

**COUNT IX**
Illinois Wage and Payment Collection Act (“IWPCA”), 820 ILCS 115/1, et seq.
Violations related to Illinois Department of Labor
Wage Claim (#22-0000336) filed February 22, 2022

**COUNT X**
Illinois Common Law-Failure To Investigate

**COUNT XI**
Illinois Comon Law-Retaliatory Discharge

**COUNT XII**
Illinois Common Law-Negligent Retention

**COUNT XIII**
Illinois Common Law-Negligent Supervision

**COUNT XIV**
Illinois Common Law-Intentional Infliction of Emotional Distress (“IIED”)

**COUNT XVI**
Illinois Common Law-Fraudulent Inducement

**COUNT XVII**
Illinois Common Law-Defamation