IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN D. BLANKENSHIP, | |
| Plaintiff, | Case No.: 1:23-cv-00867 |
| v. | Judge Martha M. Pacold |
| OUTER BANKS CAPITAL, INC., ET AL., | Magistrate Judge Maria Valdez |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendants Outer Banks Capital, Inc. ("Outer Banks"), Westward 360, Inc. ("Westward 360"), Brent Straitiff, Nathan Brown, and Ann Marie Reilley (collectively, "Defendants") submit this Reply memorandum in support of their Motion to Dismiss Plaintiff Brian D. Blankenship's ("Plaintiff") Amended Complaint (the "Complaint.")

**INTRODUCTION**

Plaintiff's Opposition to Defendants' Motion to Dismiss fails to save his claims from dismissal. Rather than directly addressing the arguments and legal authority set forth in Defendants' Motion, Plaintiff spends the vast majority of his Opposition arguing that Outer Banks was his employer and not Westward 360. However, whether Outer Banks or Westward 360 was Plaintiff's employer is not at issue in Defendants' Motion to Dismiss. Rather, Plaintiff's claims[1]

---

[1] Plaintiff has agreed to voluntarily dismiss his fifth claim for hostile work environment under 42 U.S.C. §1981, sixth claim for failure to investigate, seventh claim for retaliation under the Patient Protection and Affordable Care Act, tenth claim for failure to investigate, eleventh claim for retaliatory discharge, twelfth claim for negligent retention, thirteenth claim for negligent supervision, fourteenth claim for intentional infliction of emotional distress, and defamation. As a result, there are seven remaining claims at issue in this case: Plaintiff's first, second, third, and fourth claims for sex discrimination, sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act, eighth claim for violation of the Illinois Whistleblower Act, ninth claim for violation of the Illinois Wage Payment Collection Act, and fifteenth claim for fraudulent inducement.

1

are subject to dismissal because they are inadequately plead. Plaintiff's Opposition fails to dispute this fact.

For example, with respect to his first, third, and fourth claims for sex discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964 (Plaintiff's "Title VII Claims")—which are untimely—Plaintiff fails to demonstrate that equitable tolling should apply. He merely continues to argue that he filed his claims late because he was unable to secure legal representation. However, as Defendants' Motion already established, failure to find an attorney is not grounds to invoke equitable tolling. Thus, Plaintiff's Title VII Claims remain untimely and must be dismissed.

Plaintiff also fails to address Defendants' argument that his second, third, and fourth claims for sex discrimination, sexual harassment, and retaliation under the Illinois Human Rights Act ("IHRA") fail because he did not properly exhaust administrative remedies. Indeed, Plaintiff does not deny that he did not timely notify the Illinois Department of Human Rights ("IDHR") of the EEOC's determination on his charge of discrimination and did not obtain a right to sue letter. Thus, there is no dispute that his IHRA Claims should be dismissed.

Plaintiff similarly does not address Defendants' arguments with respect to his eighth claim for violation of the Illinois Whistleblower Act ("IWA"), ninth claim for violation of the Illinois Wage Payment Collection Act ("IWPCA"), and fifteenth claim for fraudulent inducement. Indeed, Plaintiff's Opposition makes no attempt to establish that his Complaint includes the requisite factual allegations needed to sustain these claims. For these reasons, as well as those discussed below and in Defendants' Motion, the Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

**ARGUMENT**

**A. The Court Must Disregard Plaintiff's References to Evidence Outside the Complaint.**

Preliminarily, Defendants note that Plaintiff's Opposition repeatedly references a Declaration of David Westeveer submitted in connection with pending administrative proceedings. *See* Opp. p. 4-5. However, in considering a motion to dismiss under Rule 12(b)(6), the Court is generally "limited to the factual allegations contained in the complaint and those limited matters of which the Court may take judicial notice." *Catch 26, LLC v. LGP Realty Holdings, LP,* No. 17-cv-6135, 2018 U.S. Dist. LEXIS 64534 at *10 (N.D. Ill. Apr. 17, 2018) (citing *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987.)

Documents submitted in connection with a motion to dismiss may only be considered if they are referred to in Plaintiff's Complaint and central to his claims. *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002) (noting that there is only a "narrow" selection of documents that fall within this exception); *see Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005) (recognizing that there are only a "limited class" of attachments which may be considered "central to the plaintiff's claim"). This exception is "not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment[.]" *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (disregarding extraneous documents attached to motion to dismiss.) Instead, "this exception is 'aimed at cases interpreting, for example, a contract.'" *188 LLC*, 300 F.3d at 735.

Here, the referenced Declaration of David Westeveer is never mentioned in Plaintiff's Complaint and is accordingly not central to his claims. *Compare Wright v. Associated Ins. Cons.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (holding that an agreement was central to the plaintiff's claims because the plaintiff repeatedly quoted and referenced the agreement in his complaint); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431-432 (7th Cir. 1993) (holding that

3

documents were properly considered by the district court in connection with the defendant's motion to dismiss because the documents were referenced in the complaint.) Further, Plaintiff cannot attempt to add new facts through his Opposition to Defendants' Motion. *See 420 East Ohio Ltd. Partnership v. Cocose,* 980 F.2d 1122, 1125 (7th Cir. 1992) ("the inclusion of additional allegations in the materials opposing the motion to dismiss did not constitute an amendment [to the Complaint.]") As a result, the Court must disregard the Declaration in ruling on Defendants' Motion to Dismiss.

### B. There Is No Dispute Plaintiff's Title VII Claims Are Untimely And Must Be Dismissed.

Plaintiff's Opposition fails to rebut that his Title VII Claims remain subject to dismissal. Instead, Plaintiff continues to claim that equitable tolling should apply because he looked for legal counsel after receiving the EEOC right to sue letter but ultimately failed to secure representation due to "circumstances...beyond his control." *See* Opp. p. 7. However, as fully discussed in Defendants' Motion, it is well established that failure to obtain an attorney, attorney negligence and/or attorney misconduct are insufficient justifications for the extreme and rare remedy of equitable tolling. *See Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (declining to apply equitable tolling where prisoner's petition was filed one day late, as "clients...must 'vigilantly' oversee and ultimately bear responsibility for, their attorneys' actions or failures"); *Dunn v. Bldg. Trades United Pension Trust Fund*, No. 15-cv-0026, 2015 U.S. Dist. LEXIS 158003, 2015 WL 7432846, at *2 (E.D. Wis. Nov. 23, 2015) ("The inability to find an attorney also does not toll the limitations period as plaintiff is not entitled to representation in civil suit.").

Plaintiff also admits that he was not otherwise incapacitated or incompetent during the 90-day right to sue period. *See* Opp. p. 6-7; *compare Angiulo v. United States*, 867 F. Supp. 2d 990, 1001 (N.D. Ill. 2012) (noting that a plaintiff must demonstrate "mental and emotional disabilities so severe that they impaired his ability to effectively manage his affairs or understand his legal

4

rights and directly caused him to miss the filing deadline" in order for equitable tolling to be a possibility). Instead, Plaintiff simply claims he suffered an illness that had a "material impact" on his ability to meet deadlines. *See* Opp. p. 8. However, a non-incapacitating illness that has some general effect on the plaintiff's ability to timely file is insufficient to invoke equitable tolling. *See Angiulo*, 867 F. Supp. 2d at 1001 (holding that the plaintiff's contention that he suffered from a mental condition that "contributed" to him filing his administrative complaint one day late was insufficient to invoke equitable tolling).

Here, Plaintiff admittedly filed his lawsuit 45 days after the 90-day right to sue deadline. *See* Am. Compl., p. 7-16. And, as discussed above and in Defendants' Motion, he has failed to establish that equitable tolling should apply to excuse his tardy filing. As a result, his Title VII Claims remain time barred and should be dismissed.[2]

### C. Plaintiff Does Not Dispute That He Failed to Exhaust Administrative Remedies on His IHRA Claim.

Plaintiff does not directly address Defendants' argument that his IHRA claim should be dismissed for failure to exhaust administrative remedies. As a result, he is deemed to have admitted the arguments in Defendants' Motion. *See Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (by failing to address an argument that is not frivolous or nondispositive, a non-moving party acquiesces in the movant's argument, and "acquiescence operates as a waiver"). Instead, Plaintiff merely reiterates that he filed a Request to Review with the Illinois Human Rights Commission but has not yet received a response. He does not—and indeed, cannot—dispute that he failed to serve the IDHR with a copy of the EEOC's determination within 30 days as required and thus did not receive a right to sue letter. *See* 775 ILCS 5/7A-102(A-

---

[2] In apparent defense of his Title VII Claims, Plaintiff argues that the EEOC's investigation of his underlying charge of discrimination was flawed. This argument has no bearing on any of the points asserted in Defendants' Motion and thus Defendants do not address it in this Reply.

1)(1) (requiring a complainant to notify the IDHR of the EEOC's determination within 30 days). Thus, because it undisputed that Plaintiff failed to exhaust his administrative remedies, his IHRA claims must be dismissed. *See Warren v. Greyhound Lines, Inc.*, No. 12 C 9236, 2013 U.S. Dist. LEXIS 201246, at *8–9 (N.D. Ill. Dec. 4, 2013) ("If a complainant fails to give the EEOC's determination to the [IDHR] within that thirty-day period, the [IDHR] loses jurisdiction over the charge, and the complainant loses his right to assert the IHRA claims in court[.]")

### D. Plaintiff Has Not Addressed Defendants' Arguments Regarding His Illinois Whistleblower Act Claim.

Similarly, Plaintiff wholly ignores Defendants' arguments seeking to dismiss his IWA claim. *Compare* Def's Mot. p. 10-11 and Opp. p. 14-15. Instead, he focuses on whether he was employed by Outer Banks rather than Westward 360 and the propriety of the EEOC's investigation – both of which are irrelevant to any of the arguments raised in Defendants' Motion. Thus, it remains undisputed that Plaintiff has failed to plead the required elements of an actionable claim under either Section 15 of the IWA or Section 20 of the IWA. *See Shreffler v. City of Kankakee & Price Dumas,* No. 19-cv-2170, 2021 U.S. Dist. LEXIS 249278 at *40-41 (N.D. Ill Sept. 28, 2021) ("Plaintiff failed to respond to [Defendants'] argument and the court may therefore presume Plaintiff has waived any opposition to Defendants' arguments on this point."). His IWA claim must accordingly be dismissed. *Id.*

### E. Plaintiff's Fraudulent Inducement Claim Remains Subject to Dismissal.

Plaintiff has also failed to establish his fraudulent inducement claim is properly plead. Defendants' Motion makes clear that Plaintiff's fraudulent inducement claim should be dismissed because Plaintiff has not plead the requisite factual allegations to satisfy Rule 9(b). *See* Def's Mot. p. 18-20. In response, Plaintiff appears to argue that his fraudulent inducement claim is based on: (1) purported misrepresentations by Straitiff and/or Outer Banks that his employer was Westward 360 rather than Outer Banks and (2) allegations that Plaintiff "declined another position he was

6

offered for the position at Westward 360 that he was fraudulently induced to take by Straitiff." *See* Opp. p. 15-16. Plaintiff's arguments are insufficient to save his fraudulent inducement claim.

First, the Complaint does not contain any allegations that either Straitiff and/or Outer Banks misrepresented to Plaintiff that his employer was Westward 360 rather than Outer Banks. Even if they did, Plaintiff has not articulated the remaining elements for his fraudulent inducement claim – namely, what specific statements Straitiff and/or Outer Banks made regarding the identity of Plaintiff's employer or when, where, and how the statements were made – as he must to state a claim for fraudulent inducement. *LeSaint Logistics, Ltd. Liab. Co. v. Electra Bicycle Co., Ltd. Liab. Co.*, 146 F. Supp. 3d 972, 980 (N.D. Ill. 2015) (noting that Rule 9(b) requires a plaintiff to plead with particularity the circumstances constituting fraud by alleging the "who, what, when, where, and how"). Further, Plaintiff has not alleged that Straitiff and/or Outer Banks knew any statement was false at the time it was made or intended to induce Plaintiff to act through the statement. *See id.* (noting that a fraudulent inducement claim requires proof of a false statement of material fact "known or believed to be false" and with "an intent to induce the other party to act"). Similarly, Plaintiff has not stated how he was induced to act by Straitiff's and/or Outer Banks's alleged statement or how he was possibly harmed by allegedly being informed his employer was Westward 360 rather than Outer Banks. *Id.* (a fraudulent inducement claim further requires proof of "action by the other party in reliance on the truth of the statement" and "damage to the other party resulting from such reliance"). Thus, to the extent Plaintiff's fraudulent inducement claim is based on purported misrepresentations by Straitiff and/or Outer Banks about the identity of his employer, the claim fails.

Plaintiff's fraudulent inducement claim also fails to the extent it is based on allegations that Straitiff fraudulently induced him to take a position at Westward 360 in lieu of another position. Once again, Plaintiff has not identified what false statement of material fact Straitiff purportedly

7

made to him to induce him to take a position at Westward 360. To the contrary, the Complaint only alleges that Stratify "indicated he was committed to Blankenship's position and acknowledged it was going to be disruptive in the beginning." *See* Am. Compl., 39:1078-1079. However, as fully discussed in Defendants' Motion, this allegation does not specify a purportedly false statement, nor does it indicate the time, place, or manner of communication. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir. 2008) (noting that a plaintiff must plead "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff"). Further, it is undisputed that statements about future events, such as Straitiff's purported commitment to Plaintiff during his future employment, are not actionable for purposes of a fraudulent inducement claim. *See Continental Bank, N.A., v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993.) As a result, Plaintiff's fraudulent inducement claim fails to meet the strict pleading requirements of Rule 9(b) and must be dismissed.

**F. Plaintiff's Illinois Wage Payment Collection Act Claim Should Be Dismissed.**

Finally, Plaintiff's IWPCA claim remains subject to dismissal. While somewhat unclear, Plaintiff appears to clarify that his IWPCA claim is asserted against Outer Banks. *See* Opp. p. 15. However, the Complaint does not include any allegations that Plaintiff and Outer Banks ever entered into an agreement for payment of commissions as required to sustain his IWPCA claim. *See Wittman v. Olin Winchester, LLC*, No. 22-cv-966-SMY, 2022 U.S. Dist. LEXIS 197024, at *5 (S.D. Ill. Oct. 28, 2022) (recognizing that an IWPCA claim requires allegations showing "'a manifestation of mutual assent on the part of two or more persons' that an employee will perform work in exchange for compensation'" ). To the contrary, Plaintiff's Complaint and Opposition only cite to an offer letter indicating that ***Westward 360*** offered Plaintiff a position of employment which included a commission component. *See* Opp. p. 15; Am. Compl., Exhibit G. This directly

8

contradicts Plaintiff's representations that Outer Banks "contractually offered" Plaintiff wages. *See* Opp. p. 15. As a result, Plaintiff's IWPCA claim against Outer Banks fails on its face and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss, dismiss Plaintiff's Amended Complaint in its entirety and with prejudice, and grant any further relief deemed just and appropriate.

Dated: August 11, 2023

Respectfully submitted,

**OUTER BANKS CAPITAL, INC., WESTWARD 360, INC., NATHAN J. BROWN, BRENT R. STRAITIFF, and ANN MARIE REILLY**

*/s/ Audrey Olson Gardner*
Kirsten A. Milton
Audrey Olson Gardner
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: 312.787.4949
Facsimile: 312.787.4995
E-mail: Kirsten.Milton@jacksonlewis.com
Audrey.Gardner@jacksonlewis.com

9

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 11, 2023, she caused a copy of the foregoing ***Defendants' Reply In Support of Their Motion to Dismiss Plaintiff's Amended Complaint*** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys and parties of record registered with the Court's ECF/CM system and by electronic mail.

*/s/ Audrey Olson Gardner*

4869-7579-7365, v. 3